NO. 7570.                    STATE OF LOUISIANA

RICHARD BURKE          7570          COURT OF APPEAL

        VS

ALFRED S. AMER & CO, LTD.        PARISH OF ORLEANS.
-----------------------------------------------------------------

OPINION.

By John St. Paul, Judge.

The petition charges that defendant, is an innkeeper; that in connection with its hotel it runs a public bath house; that whilst plaintiff was in said bath house as a guest and patron, two of defendant's servants engaged in an altercation; that in the course thereof one of said servants threw a glass at the other, which struck the wall and broke, and plaintiff was injured by the flying pieces.

The defendant filed an exception of no cause of action on the ground that the act complained of was not within the scope of the servant's employment; which exception the court maintained and plaintiff now appeals.

II.

The soundness of the law relied upon by defendant is not questioned, but plaintiff denies its application to the case at bar. He contends that the principle applicable here is that by which carriers, inkeepers, and others who cater to the public, owe a special duty to their guests and patrons, towit, that of protecting them whilst on the premises against the unlawful act even of a third person, if it be in the power of the master or his servants to prevent it; and a fortiori against the unlawful acts of the very servants themselves (See 22 Cyc 1080 1081 notes 2 and 3)

III.

That there is such a rule applicable to Carriers, was established by the overwhelming weight of authority more than 80 years ago (See note to Ware vs Barataria Co, 35 Am. Dec. 189, 201) and it was applied to carriers by our own Supreme Court repeatedly. See, Williams vs Pulman Car Co, 40 An 417; Block vs Bannerman 10 An 1; Lafitte vs N. O. City & Lake R. R. Co 43 An 34.

# IV.

There is however some conflict of authority as to whether the rule is strictly applicable to inkeepers and others who cater to the public.

In Rahmel vs Lehndorff, 142 Calif 681, 65 L. R. A 88, the rule was held inapplicable to an inkkeeper where a waiter had# assaulted and beaten a guest seated at a dining table. And in Curtis vs Dinneen, 4 N. Dakota 245, 30 N. W. Rep 148, the rule was held in applicable where a guest was maltreated by the husband of a woman innkeeper.

In Clancy vs Barker, 66 C. C. A. 469, 69 L R A 653, the U. S. Circuit Court of Appeals held that the rule did not apply to an inkeeper where a child, stopping at a hotel with its parents, was accidently shot and injured in the hotel by two bell boys who were then off duty.

But in the very same case the Supreme Court of Nebraska, both on first hearing and on rehearing, held that the rule did apply to inkeepers and others of that sort. (See 98 N. W. 440 ; 130 N.W. 444, 69 L. R. A. 642 & 648).

Also in Rommel vs Schambacher, 120 Penn State 579, 6 Am. State Rep 732, the rule was held applicable to the proprietor of a saloon who permitted one intoxicated guest to set fire to the clothing of another.

Likewise in Curran vs Olson, 88 Minn 307, 60 L. R. A 733, the rule was held applicable to the proprietor of a saloon whose bar-keeper permitted a practical joker to pour alcohol in the foot of a sleeping patron and set ############ it afire.

Again in Dickson vs Waldron, 135 Indiana 507, 24 L. R. A 483, the rule was held applicable to a Theatre Manager, where a patron was maltreated by a ticket seller and a watchman in a quarrel over change.

# V.

In the three first mentioned opinions the doctrine contended

for by defendant was applied; towit, that the act of the servant was beyond the scope of his employment and hence the master was not answerable.

In the four last mentioned opinions the rule applied was that the ######## innkeeper or other caterer to the public, owed protection to his guests and patrons even against the unlawful acts of third persons, when preventable, and _a fortiori_ against the acts of his own servants.

In the last named case, Dickson vs Waldron, 135 Indiana 507, 24 L R A 483, the rule was this laid down, towit, "Common Carriers, Innkeepers, Merchants, and others who invite the public to become their patrons and guests x x x owe a more special duty to those who accept such invitation. Such patrons and guests have a right to ask that they shall be protected from injury whilst present on such invitation, and particularly that they shall not suffer wrong from the agents and servants of those who have invited them." *See also Mallach vs Ridley, 9 N.Y. Supplement 922*

## VI.

From the foregoing it is manifest that there is a conflict of authority as to whether or not a rule, admittedly applicable to common carriers, extends to innkeepers and others who cater to the public. And we have but to choose between these conflicts and give our reasons for so doing.

We think that rule followed by the Supreme Court of Indiana, Minnesota, Pennsylvania and Nebraska preferable to that followed by the Supreme Court of North Dakatah and California, and the United States Court of Appeal.

We think so for these reasons;

1. Because the rule is not an unreasonable one; it does not require the innkeeper or caterer to insure his guests and patrons against all injury whatever but simply against such

as the master and his servants can prevent; and some such rule is necessary for the protection of guests and patrons of such establishments.

2. Because this rule accords with the principles of Civil Law, of Common Law, and of our own Civil Code, all of which hold the master responsible for the police of his own premises. Digest Lib 9, Tit 3; Blackstone Vol 1 p. 431; La Civil Code Art 177.

3. Because the rule is admittedly applicable to Carriers, and under the Civil Law, as well as under our Code, the liability of ### Innkeepers and carriers is exactly the same. Digest Lib 4, Tit 9; La Civil Code Art 2751. And under the French law this similarity extends to keepers of restaurants, coffee houses, public baths etc. Sourdat de la Responsability Vol 2 p. 170 Section 939; Merlin, Questions de Droit, Vol 5 p. 187, Verbo Depot Necessaire; Troplong, des Depot, No. 229.

4. Because the modern tendency is undoubtedly towards this rule, which we find approved in the following cases amongst others, though not strictly necessary for the decision thereof, towit, Lehnen vs Hines, 88 Kans 58, 42 L. R. A· N. S 830, DeWolf vs Ford, 193 N. Y. 397, 21 L R A N S· 860·

The judgment appealed from is therefore reversed, and it is now ordered that the exception of no cause of action be overruled and the case remanded to the court a qua for further proceedings according to law; defendant to pay costs of this appeal, and the other costs to await final judgment.

New Orleans, La, May          1919.